*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FRANKIE JERMAINE DAVIS,

        Defendant-Appellant.

UNPUBLISHED
April 22, 2025
11:17 AM

No. 365689
Wayne Circuit Court
LC No. 18-000992-01-FH

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of carrying a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f.[1] The trial court sentenced defendant to five years' imprisonment for the felony-firearm conviction, and two years' probation for the felon-in-possession conviction. For the reasons set forth below, we reverse defendant's convictions and sentences and remand to the trial court to enter judgments of acquittal as to both charges.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's convictions arise out of a police raid of an alleged drug house in Detroit. When police entered the home, two people—defendant and an unnamed woman—were found inside. The house had two floors; the record suggests that each floor was an independent unit, but the entire house was in disarray and the testimonies provided by the police officers involved in the raid varied. Audio from an officer's body camera footage also suggests that, when police entered the home, both defendant and the woman were upstairs, but were ordered downstairs and detained.

---

[1] Defendant was also charged with, but acquitted of, possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), a felony-firearm count in relation to the marijuana charge, and possession of ammunition by a felon, MCL 750.22f(6).

After defendant and the woman were detained, the officers began searching the house. One officer found a firearm in the second-floor living room. He discovered it underneath a pile of clothing and other debris. During the raid, defendant was handcuffed and placed in a police cruiser. In the cruiser's video footage, defendant identified the woman in the house as his daughter, Tiona Jennings. Defendant also told the officer that she was the one who lived at the house. He told the officer that he rushed over to the house after he got a call that she was getting arrested.

Defense counsel submitted exhibits of a photocopy of defendant's medical marijuana card, which listed a different address than the house in question, and a sales record for the same type of firearm found in the house indicating it was bought by Jennings. Defense counsel moved for a mistrial, arguing, among other things, that the prosecution had not provided sufficient evidence that defendant possessed the firearm found upstairs. The trial court denied defendant's motion, and ultimately found defendant guilty of the above charges. Defendant now appeals.

## II. STANDARD OF REVIEW

This Court reviews challenges to the sufficiency of evidence de novo. *People v Sherrill*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 360133); slip op at 2. When addressing a sufficiency-of-the-evidence challenge, this Court considers whether, viewing the evidence in a light most favorable to the prosecution, a reasonable trier of fact could find that all the elements of the crime were proved beyond a reasonable doubt. *Id*. "It is the trier of fact's role to judge credibility and weigh the evidence." *Id*.

## III. ANALYSIS

Defendant argues there was insufficient evidence that he possessed the firearm found in the house. We agree.

"It is a fundamental principle of our system of justice that an accused's guilt must be proved beyond a reasonable doubt to sustain a conviction." *People v Prude*, 513 Mich 377, 384; 15 NW3d 249 (2024) (quotation marks and citation omitted). The prosecution is not necessarily required to provide direct evidence of a defendant's guilt. *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citation omitted). However, the circumstantial evidence used "must facilitate reasonable inferences of causation, not mere speculation." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020) (quotation marks and citation omitted).

The elements of felon-in-possession are: "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored[.]" *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Id*. at 268-269 (quotation marks and citation omitted). Thus, both crimes require the prosecution to prove that the defendant "possessed a firearm." *Id*. "Possession of a firearm can be actual or constructive, joint or exclusive." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). "A person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is

known and it is reasonably accessible to the defendant." *Id*. (quotation marks and citation omitted). A defendant's presence in a building is "insufficient proof of possession[.]" *People v Wolfe*, 440 Mich 508, 527; 489 NW2d 748 (1992).

The trial court determined that the prosecution had satisfied its burden of proof that defendant constructively possessed the firearm. It reasoned:

> [L]ooking at all of the evidence, together, the fact that he was in pajamas;[2] the fact that he was upstairs when the Police came; the fact that he was upstairs, long enough, after the Police had announced they were there, and were demanding for someone to come downstairs, long enough for him to hide the gun under the clothes . . . [t]he fact that there was enough time for anyone, really, to have hidden a gun under those clothes and debris, and the fact that the downstairs . . . was in complete and utter disarray.
>
> \* \* \*
>
> All of those . . . facts together, in totality, tell [the trial court] that, even if [defendant] did not live there, he knew that that gun was there, and he had reasonable access to it.

The trial court's reasoning does not support defendant's convictions. The firearm seized was found upstairs, concealed underneath a pile of clothes and debris in an already cluttered home. There were two people in the house, both of whom were upstairs when the raid began. While the police could not recall the woman's name, video evidence admitted at trial identifies the woman as defendant's daughter, Jennings, whose name matches that of the registered owner of the firearm seized. The prosecution failed to identify the owner of the house. Indeed, the only evidence as to this issue was defendant's statement to police that Jennings lived at the home. In comparison, the only evidence of defendant's residence was his medical marijuana card reflecting that he resided at a different address. The prosecution presented no evidence suggesting that defendant actually *knew* the firearm was there, nor did it present any evidence that he had any "indicia of control" over the firearm. *Johnson*, 293 Mich App at 83. Even viewing the evidence in a light most favorable to the prosecution, the evidence was insufficient to prove that defendant had constructive possession of the firearm beyond a reasonable doubt. *Sherrill*, __ Mich App at __; slip op at 2.

---

[2] The trial court relied on police body camera footage showing a man in pajamas on the porch. While the trial court could not affirmatively identify him, it assumed the man in the video was defendant, because defendant was the only man in the house. On this basis, the trial court reasoned that, because defendant was wearing pajamas, he was "at least there over night [sic][,]" and, because there was only one bed upstairs, he had been upstairs.

We reverse defendant's convictions and sentences and remand to the trial court to enter judgments of acquittal as to both charges. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young